LAWRENCE (GRAY v.). See Case No. 5,-722.

LAWRENCE (GRINNELL v.). See Case No. 5,831.

LAWRENCE (GRISWOLD v.). See Case No. 5,837.

LAWRENCE (KEUTGEN v.). See Case No. 7,745.

## Case No. 8,139.

LAWRENCE v. The LIEUTENANT ADMIRAL CALLOMBERG.

[3 Wkly. Law Gaz. 248.]

District Court, S. D. New York. 1859.[1]

DAMAGES TO CARGO—DUTY OF MASTER—INHERENT DEFECT.

[1. A vessel is not liable for injuries to her cargo of fruit while she is detained for necessary repairs, even if the means used by the master to preserve it, under the advice of experienced and competent persons, were not the most suitable and well judged.]

[2. Fruit shipped being inherently subject to decay, and the bill of lading being qualified with that condition, the vessel is not responsible for its sound delivery without evidence of some misfeasance of the master which set in action or aggravated such tendency.]

This was a libel in rem filed [by John S. Lawrence] against the brig [Lieutenant Admiral Callomberg] to recover damages alleged

---

[1] [Affirmed in Case No. 3,716. Decree of circuit court affirmed in 1 Black (66 U. S.) 170.]

to have been sustained by a cargo of fruit shipped on board the brig at Palermo, in December, 185–, to be carried to this port. The answer averred the full performance of the bill of lading, except that 414 boxes of lemons and oranges perished from inherent tendency to decay, and without fault or negligence on the part of the vessel.

HELD BY THE COURT. That the libelants have not proved that any wrongful act had been done by the master of the vessel, or that he had been guilty of any culpable omission of duty on the voyage, which caused the loss or deterioration of the cargo; or that the delay of the vessel in Lisbon, where she put in for necessary repairs, beyond the time reasonably required to obtain such repairs, was the immediate or proximate cause of the injuries which the fruit sustained on the voyage. It being proved that the efforts of the master, in Lisbon, to preserve the fruit lost or deteriorated, were made in good faith, and under the advice of experienced and competent persons, and conformably to the best judgment of the master, the vessel is not responsible for the injuries the fruit may have received, even if the means used to save it were not the most suitable and well judged. The master was quasi agent of both parties, in relation to the cargo found in a perishing condition on board at Lisbon, and his acts, honestly put forth under any emergency, with intent to the benefit of both, are to be favorably construed in his behalf against the complaints of either. The fruit being proved to be inherently subject to decay, and the bill of lading being qualified with that condition. the vessel is not responsible for its sound delivery, without evidence of some misfeasance of the master, which set in action or aggravated that tendency. Libel dismissed, with costs.

[NOTE. The decision in this case was affirmed upon appeal by the shippers to the circuit court. Case No. 3,716. The same parties then took an appeal to the supreme court. which affirmed the decision of the circuit court, Mr. Justice Clifford delivering the opinion, in which he says: "It is conceded that the injuries received by the brig on the 2d of January fully justified the master in bearing away and running into Lisbon as a port of distress, to refit the vessel, and rendering her capable of continuing and prosecuting the voyage. * * * But it was insisted by the appellant in the suit against the vessel that the repairs were not executed with proper diligence, and that the discharging of that portion of the cargo in question, and the opening of the boxes, and taking out and repacking the fruit, were improper and injudicious. and had the effect to promote or increase the inherent tendency to decay. * * * Looking at the whole evidence. it is clear that he sought the best advice he could obtain, and followed it faithfully, and, notwithstanding the opinion expressed by certain witnesses to the contrary, we are by no means prepared to admit that he did not pursue a judicious course to prevent the fruit from perishing." With this view of the law, the learned justice affirms the decrees of the circuit court denying the claim for damages and affirming the decree for freight. 1 Black (66 U. S.) 170.]